IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUNIOR R. MURRAY, and )<br>BOTTOMLEY ENTERPRISES, INC, )<br>)<br>Defendants. ) | Cause No. |

## NOTICE OF REMOVAL

Come now Defendants, Junior R. Murray and Bottomley Enterprises, Inc., by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, and hereby give notice of removal of this action from the Superior Court of Hancock County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, and in support thereof state the following:

### Background

1. On January 28, 2021, Plaintiff filed a Complaint for Damages in the Superior Court of Hancock County, Indiana, under Cause No. 30D01-2101-CT-000137.

2. Plaintiff's Complaint for Damages alleges that on February 1, 2019, Plaintiff was involved in a motor vehicle accident with Defendants in Hancock County, Indiana, and that Plaintiff sustained personal injuries as a result of said accident.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Superior Court of Hancock County, Indiana, where this action is pending.

4. By filing this Notice of Removal, Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants reserve the right to assert any defenses and objections to which they may be entitled.

5. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446, as set forth below.

## Removal is Timely

6. 28 U.S.C. § 1446(b)(1) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added.)

7. Defendant, Bottomley Enterprises, Inc., received a copy of Plaintiff's Complaint for Damages on February 11, 2021.

8. As of February 25, 2021, Defendant, Junior R. Murray, had not yet received a copy of Plaintiff's Complaint for Damages.

9. Because Defendants are filing this Notice on March 10, 2021, within thirty (30) days after Defendant, Bottomley Enterprises, Inc., received a copy of Plaintiff's Complaint for Damages, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

10. Plaintiff, Toni Davis, is a citizen of the State of Indiana.

11. Defendant Junior R. Murray is a citizen of the State of North Carolina.

12. Defendant Bottomley Enterprises, Inc. is a citizen of the State of North Carolina, as it is incorporated under the laws of the State of North Carolina and maintains its principal place of business in the State of North Carolina.

13. The controversy in this action is therefore entirely between citizens of different States of the United States, and Defendants desire to remove this action from the Superior Court of Hancock County, Indiana, to the United States District Court for Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### The Amount In Controversy Requirement is Satisfied

14. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based upon diversity of citizenship must exceed $75,000, exclusive of interest and costs. A defendant invoking federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional minimum. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint for Damages does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

15. Plaintiff's Complaint alleges that Plaintiff suffered significant personal injuries on February 1, 2019. It is alleged that Plaintiff incurred medical bills as a result of her injuries and will continue to incur these bills into the future. It is further alleged that Plaintiff suffered

emotional distress as well as an indefinite diminishment of her quality of life. On March 3, 2021, Plaintiff's counsel advised Defendants' counsel in an email that she was unable to stipulate that the amount in controversy in this cause does not exceed $75,000, exclusive of interest and costs, as Plaintiff is still treating for her alleged injuries, and the extent to which further medical treatment may be necessary is unknown at this time. From this correspondence, it is clear that Plaintiff is claiming that she is still suffering from and treating for injuries that she sustained over two (2) years ago.

16. Defendants attach as Exhibit "A" hereto a true and accurate copy of the aforementioned March 3, 2021 email from Plaintiff's counsel.

17. Defendants attach as Exhibit "B" hereto a true and accurate copy of Defendant's Proposed Stipulation Regarding Amount in Controversy, which Defendant electronically served to Plaintiff on March 2, 2021.

18. Accordingly, both of the requirements for federal diversity jurisdiction are satisfied, and this case is removable by Defendants.

**Removal is Appropriate**

19. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Defendants attached as Exhibit "C" hereto a true and accurate copy of Defendants' Notice to Plaintiff and Clerk of the Hancock Count Superior Court of Defendants' Application to Remove Cause to Federal Court.

21. Defendants attach as Exhibit "D" hereto true and accurate copies of all pleadings,

motions, orders, and all other filings filed in the state court, in compliance with 28 U.S.C. § 1446(a).

22. Defendants attach as Exhibit "E" hereto a true and accurate copy of Plaintiff's Complaint for Damages.

23. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Superior Court of Hancock County, Indiana, pursuant to 28 U.S.C. § 1446(d).

24. The filing fee of $400.00 has been paid to the Clerk of the United States District Court for Southern District of Indiana, Indianapolis Division, at the time of filing of this Notice of Removal.

WHEREFORE, Defendants, Junior R. Murray and Bottomley Enterprises, Inc., by counsel, hereby give notice of removal of this action from the Superior Court of Hancock County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

*/s/ McKenzie E. Hutchinson*
Michael Wroblewski, I.D. No. 25884-64
McKenzie E. Hutchinson, I.D. No. 35861-49
*Attorneys for Defendants, Junior R. Murray and Bottomley Enterprises, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 10th day of March, 2021, the foregoing was served upon the following via the Court's electronic filing/notification system, as follows:

Stephanie L. Cassman
WAGNER REESE, LLP
11939 North Meridian Street
Carmel, IN 36032
scassman@wagnerreese.com
*Attorneys for Plaintiff, Toni Davis*

                */s/ McKenzie E. Hutchinson*
                McKenzie E. Hutchinson

Michael Wroblewski
McKenzie E. Hutchinson
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
Tel: (317) 638-4521
mwroblewski@k-glaw.com
mhutchinson@k-glaw.com